

**Cary R. Cadonau**, OSB #00224
crc@brownrask.com
BROWNSTEIN, RASK, et al.
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
Attorneys for Plaintiffs

FILED'08 AUG 13 10

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| KEITH KILBOURNE, | Civil No. CV '08--949-HA |
| Plaintiff, | |
| v. | **COMPLAINT** (42 U.S.C. § 1983 Civil Rights: Excessive Force, and Oregon Tort Claims Act) |
| MULTNOMAH COUNTY, by and through Multnomah County Sheriff's Office, a political subdivision of the State of Oregon, JOHN DOES #1 through #10, in their individual and official capacities. | (Jury Trial Demanded) |
| Defendants. | |

I.

**NATURE OF THE ACTION**

1. This action alleges constitutional violations arising under the Civil Rights Act, 42 U.S.C. § 1983, as well as state common law violations arising under the Oregon Tort Claims Act.

/// ///

Page 1 - **COMPLAINT**

#22563

2. Plaintiff was subjected to unlawful seizure of person, assault, battery, arrest, harassment, severe emotional distress, and intimidation by Multnomah County, acting by and through its deputies at the Multnomah County Detention Center (hereinafter "MCDC"), who are named in both their official and individual capacities. This unlawful conduct violated Plaintiff's federal and state rights. Plaintiff names Multnomah County as a defendant pursuant to the provisions of the Civil Rights Act and the Oregon Tort Claims Act.

II

## THE PARTIES

3. At all times material, Plaintiff was a resident of Multnomah County, Oregon.

4. Defendant Multnomah County is a regional corporation duly incorporated and organized under the laws of the State of Oregon, operating the Multnomah County Sheriff's Office as one of its political subdivisions.

5. At all times material, Defendant John Does #1 through #10 (hereinafter "Deputies") were employed as deputies by Defendant Multnomah County, and were acting in both their individual and official capacities within the course and scope of their employment. At such times as the identify of the Deputies are known, Plaintiff will substitute the real parties in interest.

III

## JURISDICTION

6. This Court has jurisdiction based on Title 28 of the United States Code, §§ 1331 and 1343, and on the doctrine of pendent jurisdiction over the claims arising under the laws of the State of Oregon.

Page 2 - **COMPLAINT**

7. Venue is proper under 28 U.S.C. § 1391(b) as the conduct from which these claims arise occurred in the judicial district in which the Court is situated.

IV

**STATEMENT OF FACTS**

8. On or about February 1, 2007, Plaintiff was brought into MCDC after having been detained at Portland Police Bureau's Southeast Precinct.

9. MCDC video shows that Plaintiff did not have any injuries to his body including those above his left eye when he entered MCDC, and that he had excellent balance throughout the intake process.

10. When Plaintiff arrived at MCDC, he asked the Deputies to allow him to use the restroom facilities as he had been requesting to do so since his detainment at PPB's Southeast Precinct. However, the Deputies refused his request and proceeded with the intake process.

11. Plaintiff continued to request that he be allowed to use the restroom because he desperately needed to relive himself for a long time. However, the Deputies continued to refuse. At one point, one of the Deputies said to him, "Just piss on your pants, old man."

12. After the intake process, several of the Deputies grabbed Plaintiff from where he was seated, lifted him off of the ground by his arms and body, and quickly moved him across the room. Thereafter, with Plaintiff's feet still in the air, several of the Deputies forcefully threw Mr. Kilbourne into a holding cell. The force was so strong that Plaintiff could not catch his balance. When Plaintiff was thrown in, he first hit his left eye on the metal toilet in the cell, and then hit a concrete bench before he fell to the ground.

///   ///

Page 3 - **COMPLAINT**

13.     Thereafter, one or more of the Deputies grabbed Plaintiff's hair on the back of his head, pulling out a significant amount of hair.

14.     In the cell, one of the Deputies forced Plaintiff into a seated position on the concrete bench by grabbing Plaintiff's neck and slamming the back of his head against the wall. A number of the Deputies can be seen on the MCDC video laughing and carrying on, and re-enacting what they had done to Plaintiff.

15.     Early the next morning, Plaintiff was taken to Providence Portland Medical Center's Emergency Room (hereinafter "Providence ER") for evaluation and treatment for injuries he sustained at the hands of the Deputies.

16.     The medical personnel who examined Plaintiff noted significant left orbital swelling and bruising, a large laceration to the mid occipital area on the back of his head, a left rib contusion, a knee contusion, and back and hand abrasions.

17.     Plaintiff was ordered a head CT and facial bone scan. The scans revealed significant damage to his head and left eye area. Plaintiff's eye was cleaned and repaired, and his scalp injury was cleaned and stapled.

18.     Plaintiff was also ordered to undergo a brain MRI. The brain MRI revealed abnormalities for which Plaintiff was prescribed pain medication, instructed home care, and advised to return to the emergence department if his condition did not improve.

19.     On February 6, 2007, Plaintiff returned to the Providence ER due to sharp chest pains and shortness of breath. He was examined by emergency department personnel who diagnosed him with rib and coastal cartilage disruption. He was treated and discharged on the condition that he would return for additional treatment and observation if his pain worsened.

Page 4 - **COMPLAINT**

20.   Thereafter, Plaintiff visited Portland Veterans Administration Hospital (hereinafter "Veterans Hospital") for further treatment and evaluation of his injuries. There, he underwent surgery for a detached retina in his left eye which was caused by the Deputies.

21.   After the surgery, Plaintiff made at least four additional visits to the Veterans Hospital for continuing blurriness and visions of "floaters" and "stars" in his left eye.

22.   As a result of the Deputies' assault and battery of Plaintiff, he suffered bodily injury, including but not limited to the following: left orbital swelling and bruising with concomitant detached retina, injury to the head, a left rib contusion, a knee contusion, and back and hand abrasions. Plaintiff continues to suffer severe emotional distress and trauma to this day as a result of the Deputies' outrageous conduct.

V

**FIRST CLAIM FOR RELIEF**

**42 U.S.C. § 1983 / Fourth Amendment Violation**

23.   Plaintiff was entitled to be free from unlawful seizure of his person by and pursuant to the Fourth Amendment to the United States Constitution.

24.   The acts and omissions of the Deputies at MCDC violated Plaintiff's constitutionally-protected rights, constituted an extreme and excessive seizure of his person, were objectively unreasonable based on the totality of circumstances, and violated Plaintiff's right to life and the integrity of his person.

25.   The force used by the Deputies, individually and in concert with each other, was unreasonable and excessive for the following non-exhaustive reasons:

///   ///

(a) Deputies, without cause, suddenly and without warning, forcefully lifted and then threw Plaintiff into the holding cell at a time when he did not have his balance, and knowing there was a metal toilet in the cell, thereby causing the aforementioned injuries to Plaintiff; and

(b) Deputies grossly failed to use an objectively reasonable assessment of the facts when they refused to allow Mr. Kilbourne to use the restroom, threw him into the holding cell, pulled out his hair, slammed him up against the concrete wall in the cell, and in not allowing him to use the phone upon discharge.

26. The Multnomah County Sheriff's Office failed to properly train and supervise the Deputies, ultimately resulting in Plaintiff's injuries as described above. Defendants knew or reasonably should have known that their conduct was below the standard prescribed by law, but made a choice to use excessive and unreasonable force against Plaintiff when he presented no danger to themselves or others. Defendant Multnomah County is liable for the acts and omissions of the Deputies as detailed above.

27. As a direct and proximate result of the unlawful seizure of Plaintiff by Defendants, Plaintiff was treated inhumanely, and has been subjected to physical pain and suffering, mental and emotional anguish, humiliation, discomfort, fear, shock, inconvenience and loss of liberty, and the possibility of permanent eye damage, all to his non-economic damages in an amount not to exceed $500,000. Plaintiff is entitled to recover this amount from Defendants, jointly and severally.

28. Plaintiff has also incurred not less than $9,402.65 in medical expenses, and continues to incur medical expenses as a result of Defendants' conduct.

/// ///

29.    The actions of Defendants were in reckless and callous disregard of Plaintiff's federally-protected rights, entitling Plaintiff to an award of punitive damages against Defendants in the amount of $1,000,000.

30.    Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to an award of his reasonable attorney fees incurred herein.

VI

## SECOND CLAIM FOR RELIEF

### Oregon Tort Claims Act - ORS 30.260 et seq.

31.    Plaintiff hereby incorporates and adopts by reference paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff timely served the notice required by ORS 30.275.

33.    Pursuant to the Oregon Tort Claims Act, and specifically, ORS 30.270(1)(c), Plaintiff is entitled to recover the amount of $500,000 from Defendant Multnomah County.

WHEREFORE, Plaintiff seeks a judgment against Defendants, jointly and severally, in the amount of $500,000 in general damages, $9,402.65 in specific damages (plus such additional medical expenses as may be proved at trial), together with an award of $1,000,000 in punitive damages, plus an award of Plaintiff's reasonable attorney fees and costs incurred herein.

DATED this 7th day of August 2008.

BROWNSTEIN, RASK, SWEENEY, KERR,
GRIM, DESYLVIA & HAY, LLP

_____
Cary R. Cadonau, OSB # 00224
Of Attorneys for Plaintiff